**FELIX PITTERSON, Plaintiff**

v.

**FRANK JIMINEZ SANTONI, Defendants**

and

**BILLY B. WATKINS, Defendant and Third-Party Plaintiff**

v.

**HILGER HERTELL, as agent for Commonwealth Insurance Co., Third-Party Defendant**

Civil No. 1979/76

District Court of the Virgin Islands

Div. of St. Croix

December 3, 1980

THOMAS ALKON, ESQ., Christiansted, St. Croix, V.I., *for plaintiff*

JOHN F. LENAHAN, ESQ. (BRYANT & LENAHAN), Christiansted, St. Croix, V.I., *for defendant*

O. S. LAD MINGUS, ESQ., Christiansted, St. Croix, V.I., *for defendant and third-party plaintiff*

JEAN–ROBERT ALFRED, ESQ., Christiansted, St. Croix, V.I., *for third-party defendant*

CHRISTIAN, *Chief Judge*

## MEMORANDUM OPINION WITH ORDER ATTACHED

This case is before the Court on defendant Santoni's motion for summary judgment. He has been sued by plaintiff Pitterson for alleged legal malpractice in the case of Figueroa v. Pitterson, Civil No. 77/235. Attorney Santoni advances two grounds for summary judgment: (1) that plaintiff will not be able to prove that he would have prevailed in the first suit, and (2) that he was never plaintiff's attorney. For the reasons discussed below, the motion for summary judgment will be denied.

The facts of the case are somewhat involved. In January 1978 Moises Figueroa sued Felix Pitterson to recover damages from an alleged auto accident involving Pitterson's cow. Pitterson notified his insurance broker, Billy Watkins, now defendant/third-party plaintiff. The broker notified Hilger Hertell, now third-party defendant, an agent of American Underwriters Corporation of the Virgin Islands, which was an agent for Pitterson's insurance company, Commonwealth Insurance. Unfortunately, Commonwealth Insurance became insolvent, and on December 7, 1977, a preliminary order was issued by a Court at the Commonwealth of Puerto Rico (Commonwealth Insurance being a Puerto Rico Corporation) appointing the Commissioner of Insurance of the Commonwealth as Liquidator of the Commonwealth Insurance Company.

Because no one answered the Figueroa complaint, entry of default was requested by plaintiff. On March 1, 1978, both Figueroa's attorney and Frank Santoni, an attorney from the Puerto Rican Insurance Commissioner's office, appeared before the late, the Honorable Warren H. Young in the Figueroa v. Pitterson case. Mr. Santoni requested a sixty- (60) day stay of the entry of a judgment of default. This application was granted by an order dated March 3, 1978. However, although duly notified by the Court, Mr. Santoni made no further appearance in the case, neither filing a pleading within the allowed sixty (60) days nor appearing at a deposition on the issues of damages, although it had been rescheduled for his convenience. The default of defendant Pitterson was entered May 9, 1978, and the final judgment on damages was entered July 5, 1978.

Mr. Pitterson belatedly retained private counsel who moved to set aside the entry of default. This motion was denied on January 24, 1979, a decision which was affirmed by the U.S. Court of Appeals for the Third Circuit on December 11, 1979. It is on the basis of the foregoing that Pitterson is now suing Frank Santoni for legal malpractice.

■ Defendant Santoni's first ground for summary judgment is clearly without merit. He merely baldly states that plaintiff would not be able to prove that he would have been successful in the original suit. There is no basis for summary judgment here for defendant has made no showing that as a matter of law plaintiff could not have prevailed.

■ The second ground of the motion is more involved. Basically, Santoni claims that he was representing the Insurance Commissioner of Puerto Rico, not Mr. Pitterson, when he appeared in our District Court. It is true that Mr. Santoni was acting as an employee of the Insurance Commissioner's Office at the time of his appearance, but this does not necessarily preclude his also acting on Mr. Pitterson's behalf at the same time. Indeed, the March 3, 1978, order of Judge Young in the Figueroa v. Pitterson case noted that "Defendant appeared by and through his attorney, Frank Jiminez Santoni."

■ Yet this is not dispositive of the issue. In Committee on Professional Ethics and Grievances of the Virgin Islands Bar Association v. Johnson, 447 F.2d 169, 174 (3rd Cir. 1971) the Third Circuit wrote:

An attorney-client relationship is one of agency and arises only

when the parties have given their consent, either express or implied, to its formation.

And Restatement of Agency (Second) § 15 notes:

An agency relation exists only if there has been a manifestation by the principal to the agent that the agent may act on his account, and consent by the agent so to act.

■ In this case, Pitterson clearly consented to have Santoni act in his interest. By insuring with Commonwealth Insurance Company and notifying his insurance broker of Figueroa's claim, Pitterson consented to have Commonwealth Insurance and those who would succeed to its responsibilities represent him. Attorney Resnick's affidavit of May 2, 1978, notes that he mailed a letter on April 4, 1978, advising Pitterson of the March 3, 1978, order of the Court and Attorney Frank Santoni's mailing address and "interest herein." On receipt of this letter, Mr. Pitterson was advised that Santoni was acting as his attorney; and his failure to protest was implied consent.

The contested issue here is whether there was consent by the alleged agent, Attorney Santoni. The Comment to Restatement of Agency (Second) § 15 notes:

b. *Consent by agent.* The agency relation exists only if the agent consents to it. A person may, by his sole act, create a power in another to act on his account, but since agency is a fiduciary relation, it can exist only if the other accepts the power. As in the case of contractual relations, the manifestation of the principal may be such that it is not necessary for the acceptance to be communicated to him. Thus, if the principal requests another to act for him with respect to a matter, and indicates that the other is to act without further communication and the other consents so to act, the relation of principal and agent exists. If, under such circumstances, the other does the requested act, it is inferred that he acts as agent unless he manifests that he does not so intend or unless the circumstances so indicate. This inference is strengthened if, being requested to act in the matter, the other does something which he would properly do only as an authorized agent.

■ Mr. Santoni's appearance in a lawsuit for Mr. Pitterson and requesting a stay is an act only proper for an authorized agent. Also, when characterized as "defendant's attorney" in the March 3rd order of Judge Young, Mr. Santoni did not protest. Mr. Santoni's

50

actions in this case conform rather closely to an indication of consent to become Mr. Pitterson's agent and attorney. Santoni states in his brief that he "was a legal representative of the liquidator, an officer of the state with far broader interests than one policyholder, and never acted as attorney for Pitterson." While it is true that Santoni was the representative of the liquidator, he gives no reason why this should exclude his also being a representative of Pitterson. Mr. Santoni's appearance in the Figueroa v. Pitterson suit on Pitterson's behalf was at least implied consent on his part to become an agent of Pitterson, thus creating an attorney-client relationship, there being consent on the part of both Pitterson and Santoni.

An issue not discussed in defendant's brief, but crucial for the determination of this summary judgment motion, is whether Santoni is protected from liability in this suit by "executive immunity", inasmuch as his acts complained of in this case were performed in the line of his duty as a governmental officer.

An initial question to be answered is which law, that of the Virgin Islands or Puerto Rico, governs the issue of executive immunity. Restatement of Conflict of Laws (Second) § 6 notes seven factors relevant to the choice of the applicable rule of law:

    (a) the needs of the interstate and international systems,

    (b) the relevant policies of the forum,

    (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,

    (d) the protection of justified expectations,

    (e) the basic policies underlying the particular field of law,

    (f) certainty, predictability and uniformity of result, and

    (g) ease in the determination and application of the law to be applied.

Both the Virgin Islands and Puerto Rico are interested jurisdictions. The Virgin Islands wishes to protect its citizens from malpractice, and reimburse injured parties. Puerto Rico has an interest in protecting public officers from suit, especially when the public fisc may be involved and the morale of public employees may suffer.

Under the Restatement of Conflict of Laws (Second) § 145:

    (1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6.

(2) Contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:

(a) the place where the injury occurred,

(b) the place where the conduct causing the injury occurred,

(c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and

(d) the place where the relationship, if any, between the parties is centered.

These contacts are to be evaluated according to their relative importance with respect to the particular issue.

Gauged by this test, it would be appropriate to find that the Virgin Islands had "the most significant relationship to the occurrence and the parties" and apply its law. The place of the wrong was the Virgin Islands forum. Plaintiff is a resident of the Virgin Islands. The underlying case, Figueroa v. Pitterson, was brought in the Virgin Islands, as was the instant case. On the other hand, the insolvent insurance company was a Puerto Rican corporation, and Santoni's governmental relationship which gives rise to the claim of executive immunity was with the Commonwealth of Puerto Rico. However, it was from Attorney Santoni's appearance in the Virgin Islands courts that this case derives, and it is reasonable to find that the most significant contacts are with this jurisdiction.

As Santoni was not an officer of the Virgin Islands Government, the specific tort immunity statutes of Virgin Islands law do not apply. The general tort immunity law in the Virgin Islands for government officers is contained in Restatement (Second) of Torts § 895D. That section provides:

(1) Except as provided in this section a public officer is not immune from tort liability.

(2) A public officer acting within the general scope of his authority is immune from tort liability for an act or omission involving the exercise of a judicial or legislative function.

(3) A public officer acting within the general scope of his authority is not subject to tort liability for an administrative act or omission if

(a) he is immune because engaged in the exercise of a discretionary function,

(b) he is privileged and does not exceed or abuse the privilege, or

(c) his conduct was not tortious because he was not negligent in the performance of his responsibility.

See also Kalloo v. Englerth, 433 F.Supp. 504 (D.C.V.I. 1977); Davis v. Knud-Hansen Memorial Hospital, et al., 3rd Cir., Oct. 9, 1980, No. 79-2768.

██ This Court cannot say as a matter of law that Attorney Santoni will be immune from suit. His failure to defend in the Figueroa v. Pitterson suit did not involve the exercise of a judicial or legislative function. It is not clear whether his actions or inactions involved a discretionary function. Some may have been discretionary, others may not have been. The filing of papers is considered a ministerial rather than discretionary act under ordinary circumstances. Restatement (Second) of Torts § 895D, Comment h.

No privilege appears to be applicable to Attorney Santoni here other than the possible claim that his acts were discretionary. Finally, the issue of whether his acts were negligent is a question for the trier of fact in this case.

As defendant Santoni is unable to show as a matter of law that plaintiff cannot prevail in his suit, this motion for summary judgment is denied.

## ORDER

The premises considered and the Court being fully advised,

IT IS ORDERED that defendant's motion for summary judgment be, and the same hereby is, DENIED.